IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICK MUSHENYE | § | |
| | § | |
| V. | § | A-11-CV-222 LY |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE | § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Clerk's Dkt. #1) filed March 22, 2011, in relation to his Original Complaint;[1] and Defendant Texas Department of Criminal Justice's Motion to Dismiss Under FED. R. CIV. P. 12(b)(1), filed September 15, 2011 (Clerk's Dkt. #17). Also, because Plaintiff is requesting permission to proceed *in forma pauperis*, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).[2]

---

[1] This action was dismissed without prejudice on May 16, 2011, based on Plaintiff's failure to prosecute. The case was reopened at his request on July 25, 2011.

[2] That statute provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(continued...)

## I.  REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Plaintiff's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*.  Accordingly, the Court hereby **GRANTS** Plaintiff's request to proceed without prepayment of fees.  The Clerk of the Court shall file his complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).  This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  REVIEW OF THE MERITS OF THE CLAIMS

### A.     Factual Allegations

Plaintiff Patrick Mushenye ("Mushenye") filed this action naming as the sole defendant the Texas Department of Criminal Justice.  By way of his complaint, Mushenye alleges Defendant subjected him to discrimination on the basis of race, color, national origin and age in failing to employ him on or about June 30, 2008, through October 30, 2009.  He alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the Age

---

[2](...continued)
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA") and 42 U.S.C. § 1981. (Compl. at 1-2).

Because Plaintiff's complaint is somewhat conclusory, the Court ordered him to file a More Definite Statement providing additional information in response to specific questions posed in the order. Plaintiff filed his response, including attachments, on September 23, 2011. In his response and complaint, Mushenye alleges he submitted seven separate applications for various positions with Defendant from June 30, 2008, through October 30, 2009. He was not hired for any of the positions. According to Mushenye, the facts evidencing discrimination are that he met and exceeded the minimum qualifications and yet was not hired. (Compl. at 2-3; More Def. Stmt. at 1-2). He also asserts discrimination may be inferred because Defendant claimed he did not correctly fill out the employment application in one instance and failed to timely submit the application in another. (More Def. Stmt. at 2). He states:

> Given the totality of circumstances, a reasonable person with my extensive education, qualifications, experience and skills under same circumstances would infer a continuous pattern of discrimination after repeatedly applying for the same or similar job at the same department over various dates and still not gotten an offer of employment. The defendant has the burden of proof to show that the people that were hired, had more and better qualifications than I possessed.

(*Id*. at 3).

Because Plaintiff is requesting permission to proceed *in forma pampers*, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e). Defendant has also filed a motion to dismiss. By way of the motion, Defendant asserts it is entitled to Eleventh Amendment immunity as to Plaintiff's claims of age discrimination and under 42 U.S.C. § 1981.

**B.     Standard of Review**

A district court "shall dismiss" a case brought in forma pampers at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.*, 490 U.S. at 327-28.

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570. The Supreme Court has recently made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true

all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50.  Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950. (quoting FED. R. CIV. P. 8(a)(2)).

C. **Analysis**

   1. **Eleventh Amendment Immunity**

Defendant has moved to dismiss Plaintiff's claims under the ADEA and 42 U.S.C. § 1981 on the basis it is entitled to Eleventh Amendment immunity from such claims.  The Eleventh Amendment bars a citizen from suing a state in federal court unless the state consents.  U.S. CONST. amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54, (1996).  If a defendant is protected by sovereign immunity, federal courts lack subject matter jurisdiction over the suit. *Warnoch v. Pecos*, 88 F.3d 341, 343 (5th Cir. 1996).   A suit against a state agency is an indirect suit against the state and, therefore, also barred.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, (1984).  Defendant is indisputably a state agency and is thus entitled to invoke Eleventh Amendment immunity.  Eleventh Amendment immunity is not absolute, however.  A state may waive its immunity by consenting to suit.  Congress may also abrogate state sovereign immunity pursuant to

the enforcement power conferred by Section 5 of the Fourteenth Amendment. *Coll. Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, (1999); *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005).

The Supreme Court has recognized a state is immune from suit for civil rights violations under the Eleventh Amendment to the United States Constitution. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989). *See also Wash. Legal Found. v. Tex. Equal Access to Justice Found.*, 94 F.3d 996, 1005 n.52 (5th Cir. 1996) (noting state not "person" within meaning of federal civil rights statute). The Supreme Court has also made clear that Congress' purported abrogation of the States' sovereign immunity in the ADEA is invalid. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91, (2000); *E.E.O.C. v. Bd. of Sup'rs for Univ. of La. Sys.*, 559 F.3d 270, 272 (5th Cir. 2009).[3] Accordingly, Plaintiff's claim of age discrimination under the ADEA and his claims under 42 U.S.C. § 1981 should be dismissed as barred by the Eleventh Amendment.

**2.  Title VII**

Title VII prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e. A plaintiff makes out a prima facie discrimination case by alleging: (1) she is a member of a protected class, (2) she sought and was qualified for an available employment position, (3) she was rejected for that position, and (4) her position remained open or was filled by someone outside of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).

---

[3]The Plaintiff's claims under Title VII are not subject to dismissal on this basis. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 n.1 (5th Cir. 2002) ("we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII").

Plaintiff's allegations here fail to state a cognizable claim for discrimination. He has asserted that, because he met the minimum qualification for the positions he applied for and Defendant was aware of his race, color and national origin, discrimination may be inferred. However, wholly absent from Plaintiff's complaint or more definite statement is any allegation that the positions he applied for remained open or were filled by someone outside the protected class. Further, his allegations are devoid of specific objective incidents of racial discrimination, for example, racial comments or treatment different from similarly situated employees of another race. Rather, Plaintiff simply asks this Court to infer discrimination based on Defendant's failure to hire him personally. Such unsupported allegations fail to state a claim and should be dismissed. *See Twombly*, 550 U.S. at 555-57 (federal rules governing stating claim require more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement").

### III. RECOMMENDATION

The Court hereby **GRANTS** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Clerk's Dkt. #1). The Court **FURTHER RECOMMENDS** that the District Court **GRANT** Defendant Texas Department of Criminal Justice's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) (Clerk's Dkt. #17) and dismiss Plaintiff's claims against Defendant under the ADEA and 42 U.S.C. § 1981 as barred under the Eleventh Amendment  The undersigned **FURTHER RECOMMENDS** that the District Court dismiss Plaintiff's remaining causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE